IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KAREN J. WESTMORELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-447 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Karen J. Westmoreland brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision finding her not disabled and therefore ineligible for disability insurance benefits (DIB) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 21.)

Westmoreland timely filed written objections (Dkt. No. 22), and the commissioner filed a response (Dkt. No. 23). After reviewing the pertinent portions of the record, the report, and the filings by the parties, the court concludes that Westmoreland's objections merely repeat the arguments she made in her brief before the magistrate judge and thus fail to trigger de novo review. The court rejects these rehashed arguments, and it will adopt the magistrate judge's recommendation in full. Accordingly, defendant's motion for summary judgment will be

granted, plaintiff's motion for summary judgment will be denied, and the court will affirm the commissioner's decision.

I.  BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report.  (Report 2–3, Dkt. No. 21.)

II.  DISCUSSION

**A.  Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited.  Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence."  *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made.  Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."

*United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)). As other courts have recognized in the social security context, "[t]he Court may reject perfunctory or rehashed objections to R & R's that amount to a second opportunity to present the arguments already considered by the Magistrate Judge." *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (quoting *Felton v. Colvin*, No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014)).

**B. Westmoreland's Objections**

Westmoreland raises three objections to the report, and all three are "rehashed objections" that the *Heffner* and *Felton* courts concluded may be rejected. *See id.* That is, Westmoreland made the same arguments in her summary judgment briefing before the magistrate judge. (*Compare* Objs. 1–3, Dkt. No. 22 *with* Pl.'s Mem. Supp. Mot. Summ. J. 14–19, Dkt. No. 15.) As noted, the court properly rejects the objections on that basis. Furthermore, even if the court were to consider the objections de novo, it would conclude that the magistrate judge's reasoning is correct and the ALJ's determination is supported by substantial evidence.

In her first objection, Westmoreland contends that the ALJ erred in his residual functional capacity (RFC) findings by failing to address exactly how often Westmoreland would need to

3

use the bathroom and how often her bathroom breaks would take her off task over the course of an eight-hour workday. (Objs. 2–3.) To the contrary, the report noted that the ALJ "explained how although Westmoreland continues to experience diarrhea, gastrointestinal testing has been largely negative, she has reported control of her symptoms with various medications, and she has failed to follow the recommended low-fat diet." (*Id.*) Indeed, the report highlighted the fact that the ALJ failed to "find any objective medical evidence to support Westmoreland's claimed frequency of bowel movements." (*Id.*)

Westmoreland's second objection is that the ALJ also erred in assessing her RFC because he ignored relevant evidence from Dr. Browstein regarding her bowel movements. (Objs. 2.) Like her first objection, this speaks to the same argument Westmoreland made before the magistrate judge. (*Compare* Objs. 3–5 *with* Pl.'s Mem. Supp. Mot. Summ. J. 16.) And as the report correctly notes, in order to arrive at his conclusion that Westmoreland required access to a restroom but that no objective medical evidence supported her claimed frequency of bowel movements, the ALJ "summarize[ed] the medical evidence of record," including that "Dr. Brownstein noted that all of Westmoreland's objective tests were negative, including biopsies and a colonoscopy." (Report 9.)

Third and finally, Westmoreland contends that the ALJ erred in concluding that Westmoreland's statements concerning the severity of her symptoms were not entirely credible. Westmoreland presented this argument to the magistrate judge (*compare* Objs. 3–5 *with* Pl.'s Mem. Supp. Mot. Summ. J. 17–19), and the magistrate judge correctly concluded that the ALJ's opinion afforded "detailed consideration of Westmoreland's medical history and her allegations of limitations." (Report 11). The court notes that, in her objections, Westmoreland cites for the first time *Brown v. Comm'r of Social Security Admin.*, 873 F.3d 251, 268–70 (4th Cir. 2017),

which was decided after the briefing in this case, to argue that the ALJ failed to build a "logical bridge" from the evidence to his conclusion that Westmoreland was not fully credible about her limitations. (Objs. 5–7.) But here, unlike in *Brown*, the ALJ carefully considered Westmoreland's medical history together with her own allegations regarding her pain and symptoms. (*See* R. 7–11.) While an ALJ may not overlook "the limited extent of [a]ctivities described by" the plaintiff, *Brown*, 873 F.3d at 269, it is proper for an ALJ, as in the instant case, to rely on evidence regarding a plaintiff's routine, non-work activities in rejecting a claim of disability, *Johnson v. Barnhart*, 434 F.3d 650, 659 (4th Cir. 2005). The ALJ gave reasons for his determination, relied on record evidence to do so, and noted Westmoreland's own conflicting reports of her capabilities and symptoms. (R. 9–10.) Even reviewing this rehashed objection de novo, the court is satisfied that there was substantial evidence to support the ALJ's credibility determination for the reasons set forth by the magistrate judge. *See, e.g.*, *Chafin v. Shalala*, No. 92-1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) ("It is not the proper province of the courts to second-guess the ALJ's credibility determinations.") (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964)).

III. CONCLUSION

After reviewing the pertinent portions of the record, the report, and the filings by the parties, the court concludes that Westmoreland's objections merely repeat the arguments she made in her brief before the magistrate judge and thus fail to trigger de novo review. The court rejects these rehashed arguments and will deny Westmoreland's motion for summary judgment,

grant the commissioner's motion for summary judgment, and affirm the commissioner's decision.

An appropriate order will be entered.

Entered: March 26, 2018.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge